**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30220 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00015-RAJ |
| v. | |
| XEN HOC LU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Xen Hoc Lu appeals from the district court's judgment and challenges the

order of restitution imposed as part of his sentence following his guilty-plea

conviction for wire fraud, in violation of 18 U.S.C. § 1343.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Lu contends that the district court's restitution order was not based on sufficient, reliable evidence regarding actual loss to the victim. We review an order of restitution for abuse of discretion, and the factual findings supporting the order for clear error. *See United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008).

The district court did not abuse its discretion by relying on Lu's admissions, the investigating agent's testimony, and the records of Lu's fraudulent transactions with undercover agents to calculate the restitution amount. *See id.* at 557 (evidence used to calculate restitution must possess "sufficient indicia of reliability to support its probable accuracy" (internal quotations omitted)). Moreover, the district court did not clearly err in its restitution calculation because it is supported by this evidence. *See id.* ("In light of the remedial purposes underlying the [Mandatory Victims Restitution Act], our precedent grants district courts a degree of flexibility in accounting for a victim's complete losses." (internal quotations omitted)).

**AFFIRMED.**

13-30220